*Hemenway* v. *Stone,* 7 Mass. R. 58 ; *Sanford* v. *Mickles,* 4 <span>Wilbour<br>*v.*<br>Turner.</span>
Johns. R. 224.

The *Court* overruled the exceptions.   As to the alleged <span>*Nov. 2d.*</span>
payment, they said that if it had appeared on the note to be
before the transfer, the defendant might have availed himself
of it in defence ; that the burden of proof was on him to
show the time of the transfer ; and that if the promisor makes          **527**
a partial payment without taking care to have it indorsed,
and the note is afterwards transferred to an innocent person,
the promisor is in fault and ought to be the sufferer ; unless
the note shall appear to have been transferred after it was
discredited.[1]

*Judgment affirmed.*

---

## BAALIS BULLARD *versus* WHEELOCK BULLARD.

THIS was an appeal from a decree of the judge of probate,   *Nov. 2d*
by which it was determined that Wheelock Bullard, one
of the children of Daniel Bullard, deceased, intestate, was
entitled to his full share of the estate of which his father died
seised and possessed ; and the question was, whether a deed
of land made by the father to Wheelock in 1808, partly in
consideration of parental love and affection, and partly in
consideration of 200 dollars, should be deemed as an ad-
vancement of so much as the value of the land exceeded 200
dollars, the deed not being expressed by the father or child
to have been made as an advancement.   *Richardson,* for the
appellant, admitted that if the 7th section of the statute of
1783, *c.* 36, was not in force, the decree was right ; and
the *Court,* being of opinion, upon the authority of *Ashley,*
*Appellant, &c.* 4 Pick. 21, that that section was repealed by
*St.* 1805, *c.* 90, affirmed the decree.[2]

*Metcalf,* for the appellee.

---

[1] See Bayley on Bills, (Phil. and Sewall's 2d ed.) 544, 545, notes; *Pea-*
*body* v. *Peters, ante,* 1 ; *Sargent* v. *Southgate, ante,* 512.

[2] See Revised Stat. *c.* 61, § 9.